Mr. Justice Huger
delivered the opinion of .the court.
The terms oí the covenant are, that the defendant will forever defend “ the plaintiff, his heirs and assigns, against every person lawfully claiming or to claim the premises.” This is not in terms a covenant of seizin, and according to the English law, unless the vendor covenant that he is sei" zed, an action of covenant will not lie before the purchaser has been evicted. Nor does it imply such a warranty from a general warranty of title. (2 Bos. & Pull. 13. Doug. 654. Implied warranties are not favoured by the common law, and are only tolerated for the convenience of trade, (with the usages of which, the contracting parties are supposed to be acquainted,) and to which they are understood to refer. To chattels, however, these warranties principally apply and are confined to title and actual misrepresentation or disguise. (Cro. Jac. 474. 1 Roll. Abrid. 90. F. N. B. 94. 2 Roll. Rep. 5.) Our courts, however.have abandoned the known and safe rules of the common law in this respect, and adopted the more dangerous, it more inviting maxim of the civil law, “ that a sound price implies the warranty of a sound commodity,” .and have superadded the niaxim of caveat emplor, and had they gone one step further, as they were invited to do, (and not without some hope of success) in the case of Whitfield and McLeod, (2 Bay, 380,) and determined that a fair price raised an implied warranty of the adequacy of consideration, free agency would have been destroyed and no contract could have been regarded as binding, to which the seal of a court was not appendant. This doctrine of implied warranty has not been confined to chattels. In Champneys vs. Johnson, decided in Charleston in 1800, and in Johnson vs. Nixon, decided in Columbia in 1811, and in many other cases antecedent thereto, this court ruled that to effect the real object of the parties to the deed, that a warranty may be implied. It is in this way tint court has been induced to sustain an action for a breach ol warranty before eviction, where the terms oi the warranty didnot import a warranty of seiz5*-,. In doing pp, howc- *502 ver, they have extended the doctrine of implied warranty even beyond the rules of the civil law, from which they professed to borrow it; for by the civil law, a purchaser cannot proceed against a seller on the warranty before eviction, or some interruption to his quiet enjoyment. (Domat., Lib. 1, Tit. 2.)
In France, this rule of civil law,has been so far altered as to permit the purchaser, on action being commenced against him for the land, to proceed in his action on the warranty against the seller ; so that the purchaser on being evicted receives immediate compensation for the injury. (Code Civil des Francais, L. 3. T. 6. C. 4.—2 Nott and McCord 198.)
If the rule of the common law has been abandoned and that introduced from civil law very much forced to give effect to the intention of tne parties, it becomes necessary to enquire what must, have been the intention of the parties to this covenant at the time it was executed ?
The plaintiff had his first titles in possession. He was well acquainted with them. He was also made acquainted with the defendants titles. In procuring the last, he could not have intended to protect himself against the first. It must have been to protect himself against the defendant and all that might claim adversely from himself, and defendant undertook to defend the plaintiff and his heirs, — against whom ? Not themselves . assuredly, but against all others, claiming or to claim,' — against whom ? The plaintiff and his heirs. No one has yet disturbed the plaintiff in the enjoyment of the property. No one has commenced an action' against him, and there is no outstanding paramount title which can interfere with him. The object then of the parties has been accomplished ; at least it has not been defeated, or is it likely to be defeated.
The plaintiff’s knowledge of bis own title, when the contract was executed, must be a bar to his recovery in this action. In the case of Whitfield vs. McLeod, (2 Bay 280,) it was ruled that when the plaintiff was acquainted with *503 ' all tire circumstances, and had a fair opportunity of informing himself of them, he was bound ; and this is in conformity not only to the common law, but to the civil law, for by this, the seller is not bound to restore the price paid, if the purchaser knew at the time of sale, the danger of eviction.- (Code Civil des Francais, L. 3. Tit. 6. 64.)
Gist cs? Thompson, for the motion.
Clendinen Williams, contra.
Justices Johnson, Colcock and 14ott, concurred.